Arthur F. Schiller
vs.                    } No. 83078.
James H. Gorman.

February 25, 1931.

For plaintiff: Fergus J. McOsker.
For defendant: Boss, Shepard & McMahon.

Beatrice A. Schiller
vs.                    } No. 83077.
James A Gorman.

February 25, 1931.

CHURCHILL, J. Heard on motion for a new trial after verdict for the plaintiff.

The plaintiff, a married woman, was struck, near the intersection of Barton and Dexter Streets in the City of Pawtucket, by a truck owned by the defendant and operated by a driver in his employ.

Barton Street runs east and west, and Dexter Street runs north and south. The plaintiff was proceeding westerly on Barton Street on the right hand sidewalk and was intending to proceed across Dexter Street and down Barton Street. The defendant's truck was being driven easterly along Barton Street, the driver intending to turn and drive northerly up Dexter Street.

The plaintiff's case in chief was that, as she stepped off of the sidewalk, she looked up and down Dexter Street, saw no vehicles approaching in either direction, but did not look down Barton Street; that when very close to the westerly side of Dexter Street she was run down by the defendant's truck. She testified she heard no signal and did not know of the approach of the truck until it was practically upon her, and that the accident was brought about by the driver's cutting the corner at Dexter and Barton Streets as he turned. It further appeared from her testimony that she was struck by some portion of the right hand side of the truck.

In rebuttal, she testified that certain bundles which she was carrying were found immediately after the accident lying on the right hand side of Dexter

Street in the gutter; the side on which she claimed in her direct testimony the accident happened being the left hand side.

The defendant's driver testified that he came down Barton Street intending to turn up Dexter street in a northerly direction; that before he came to the intersection of the two streets a truck passed him going southerly on Dexter street; that he waited for the truck to pass, blew his horn and then turned into Dexter street slowly at a rate under ten miles an hour; that he made the turn as near to the right of the intersection as it was possible to make it considering the length of his truck and the width of the street; that he saw the plaintiff standing either on the sidewalk or near the sidewalk at the corner of Dexter and Barton streets. and he judged she was about 25 or 28 feet away when he first saw her, and that she was then standing still; that as he continued up Dexter street on the right hand side the plaintiff stepped off of the sidewalk to cross the street almost in the path of the approaching truck; that as she did so she had her head turned looking northerly up Dexter street; that he brought his truck to a stop as soon as possible, but not soon enough to prevent her from being struck by the right hand side of the truck.

The plaintiff and the driver of the truck were the only witnesses who testified on the question of liability.

The driver's testimony was consistent and apparently truthful.

The credibility of the plaintiff was much shaken by inconsistencies and improbabilities in her testimony, and particularly by the inconsistency of her testimony that the accident happened very close to the westerly sidewalk of Dexter street with her testimony that the packages which she carried were picked up or found right after the accident on the right hand side of Dexter street. Obviously the accident could not have happened at the place she said it happened, nor have been caused by the truck driver's cutting the corner, if her statement in regard to the location of the packages be taken as true. Moreover, her manner while testifying militated against her trustworthiness as a witness.

It was urged in argument that the doctrine of the last clear chance applies and that the verdict may be sustained on this theory. Out of abundant caution the jury were instructed in regard to the doctrine of the last clear chance, but there is no substantial evidence that the driver of the truck had reasonable opportunity to stop his truck after he saw the plaintiff in a position of danger.

On the great preponderance of evidence it is clear that this accident happened on the easterly or right hand side of Dexter street; that the plaintiff attempted to walk across Dexter street right in the path of a truck close at hand, without looking to ascertain whether or not any vehicle was coming up Dexter street or turning into Dexter street, and that the defendant was not guilty of any negligence either in the operation of the truck, speed, or in any other particular.

The verdict is against the great preponderance of the evidence, both on the issue of the negligence of the defendant and on the issue of the due care of the plaintiff and does not do justice between the parties.

The motion for a new trial is granted.

For plaintiff: Fergus J. McOsker.

For defendant: Boss, Shepard & McMahon.